UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OTIS R. NICHOLSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 629 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Earlier this year, the court entered final judgment in favor of Defendant Allstate Insurance Company and against Plaintiff Otis Nicholson. Doc. 104; *see* 2012 WL 182216 (N.D. Ill. Jan. 23, 2012). Pursuant to Federal Rule of Civil Procedure 54(d)(1), Allstate has submitted a bill of costs, which seeks $3,108.88. Doc. 107. Nicholson has responded with a pleading that (1) requests a stay of enforcement of the bill of costs pending the outcome of his appeal, and (2) asserts several objections to the bill of costs. Doc. 120. The court denied Nicholson's request for a stay, Doc. 123, and now considers Nicholson's objections.

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption

created by [Federal] Rule [of Civil Procedure] 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citations omitted) (internal quotation marks omitted).

Nicholson objects to the $522.50 that Allstate seeks for court reporter appearance fees at depositions. Reasonable appearance fees for court reporters are recoverable under § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States … in effect at the time the transcript or deposition was filed[,] unless some other rate was previously provided for by order of court." Nicholson argues that the $522.50 sought for appearance fees, when combined with the per-page cost of the associated depositions, drives the transcript costs over the Judicial Conference's current $3.65 per-page limit. Nicholson is right. Accordingly, the objection is sustained, and the bill of costs is reduced by $522.50. *See Serwatka v. City of Chicago*, 2011 WL 2038725, at *1 (N.D. Ill. May 24, 2011); *Fletcher v. Chi. Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004); *Denson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003); *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D. Ill. Mar.15, 2002).

Nicholson also objects to the amount sought for scanning deposition exhibits, arguing that the $0.50 per page charge is too high. Allstate does not assert that the exhibits were necessary for Nicholson's deposition; in fact, Allstate is silent as to why these costs are recoverable at all. On its bill of costs form, Allstate lists the scanning costs as part of the "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." Doc. 107; *see also* Doc. 107-1. As previously noted, the total recoverable costs for depositions

is $3.65 per page, an amount Allstate already is receiving. *See* Doc. 107-1 at 1 (seeking $3.65 per page for Nicholson's deposition). Because none of the scanning fees are recoverable, the bill of costs is reduced by $487. *See Culbert v. Hilti, Inc.*, 2012 WL 205853, at *1 (N.D. Ill. Jan. 24, 2012) ("The Court discerns no reason why the $3.65 per page maximum for deposition costs would not also apply to exhibit fees.").

Nicholson next objects to the recovery of $180 in copying costs incurred by Allstate for producing discovery documents. "The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). Nicholson contends, however, that Allstate produced multiple copies of certain documents and some blank documents. Doc. 120 at 2-3, 5-12, 14-24. Allstate responds that it had to produce some documents that appear similar to others because the documents existed in both hard copy and electronic form (which were printed out and then produced), and that other seemingly duplicative documents were produced because they were possessed by different people or kept in different places. Allstate further explains that some of the documents contained blank pages because that is how Allstate maintained the documents. Given these explanations, Nicholson has not overcome the presumption in favor of awarding the cost of copying documents produced during discovery.

That said, the costs of copying discovery documents will be reduced by $90. The $180 sought reflects the cost of copying *two* sets of discovery documents, not just one. Doc. 107-1 at 3. Allstate explains that one set was produced to Nicholson while the other set was for itself. Doc. 108 at 2. The second set that Allstate made for itself was not "necessarily obtained" within the meaning of § 1920(4), and therefore cannot be recovered. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998) ("Again, we refuse to tax costs against plaintiff for a

copy of the exhibits defendant already possessed."); *Jones v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 WL 102668, at *3 (N.D. Ill. Mar. 3, 1998) ("the making of an additional copy [of discovery documents] for defendant … was … for the convenience of defendant's attorneys, since defendant after all had the originals of the documents in its possession").

Finally, Nicholson objects to recovery of the following: a $35.00 transcript delivery fee; a $15.00 deposition index fee; a $30.00 condensed transcript fee; and a $30.00 CD-ROM fee. Although these fees are listed on an invoice Allstate attached to its bill of costs, Doc. 107-1 at 4, Allstate is not actually seeking these costs. Doc. 107-1 at 1-3 (itemization of costs sought); Doc. 108 at 2 ("Defendant does not seek costs associated with electronic transcripts, condensed transcripts, a word index or delivery fee."). Accordingly, these objections are overruled.

For these reasons, Allstate is awarded costs, but the $3,108.88 sought is reduced by $1099.50, resulting in a cost award of $2,009.38.

April 10, 2012

United States District Judge